U.S. DISTRICT COURT
DISTRICT OF MARYLAND NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| v. | * | **Case # L-11-3132** |
| **$40,222.25 U.S. Currency** | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MOTION TO DISMISS GOVERNMENT'S CIVIL FORFEITURE COMPLAINT PURSUANT TO SUPPLEMENTAL RULE G (8)(b) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED INCLUDING MOTION FOR A MORE DEFINITE STATEMENT

Claimant by undersigned counsel hereby moves this Court to dismiss the complaint for failure to state a claim upon which relief can be granted, Supplemental Civil Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R."), Rule G (8)(b), Fed. R. Civ. P. 12(b)(6). In the alternative, Claimant moves for a more definite statement, Supp. R. G (8)(b), Fed. R. Civ. P. 12(e). The Government's Complaint fails to meet the standard set forth at Supp. R. G(2)(f), in that the Complaint fails to "state sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial."

In summary, the bare bones allegations are that agents searched the Claimant's residence in April, 2011, seized the funds subject to forfeiture, and that a police dog alerted to seized currency. No drugs, contraband, or other illegal substances or paraphernalia were seized. In addition, the complaint alleges that the Claimant transferred funds in February, 2011, to help bail her brother out of jail due to state CDS charges in Arizona. The complaint also alleges that bank accounts which included the

Claimant's name were used in the first part of 2010, about a year before the April, 2011, seizure, to transfer funds to and from particular points in the USA. There are no allegations in the complaint that these transfers had anything to do with the seized funds or that the transfers were directly related to narcotics transactions. These allegations, without more do not meet the well recognized pleading requirement, against which the sufficiency of the complaint must be measured, set forth by the Fourth Circuit in *United States v. Mondragon*, 313 F.3d 862 (4th Cir. 2002).[1] Therefore, the complaint should be dismissed.

The Complaint is totally bereft of allegations connecting the seized funds to any illegal activity, specifically facts showing as claimed in the Complaint that the seized funds are either the proceeds of narcotics trafficking or facilitated narcotics trafficking. The Complaint must provide notice as to any reason to believe that the Government will be able to eventually prove that there is a sufficient nexus between the funds and narcotics trafficking. *See* 18 U.S.C. §983 (Government bears burden of proof to show by a preponderance of the evidence that property is subject to forfeiture, and to forfeit funds used to facilitate a crime, or which were involved in a crime, Government must show "a substantial connection" between the property and the crime). Because of the total absence of evidence set forth in the Complaint regarding the nexus if any between the funds and crime, the Government does not provide any reasonable basis to believe that at the time of trial it will be able to show that it is entitled to forfeit the funds. This Court

---

[1] *Mondragon* addressed the pleading requirements set forth in the prior version of Supp. R. G(2), Supp. R. E(2)(a), however the substance of the pleading requirements in the old and newer version of the rule are the same, *see, e.g.*, Advisory Committee Note to 2006 Revision of Supp. R. G.

2

can consider the trend in Supreme Court rulings regarding Fed. R. Civ. P. 12(b)(6) requiring more specificity by plaintiffs as relevant as well, see, e.g, *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), although the actual pleading standard in Supp. R. G(8) applicable to the Government is higher than the standard found at Fed. R. Civ. P. 8(a).

The *Mondragon* and rule based pleading requirements at issue in this motion are the safeguards against improper seizure of funds pending trial. If these standards are not enforced, and the Complaint lacks merit as the Government lacks proof to support its charges, it could take months or years to get this case before a jury and to provide the Claimants with their day in court and to get their property back. Therefore, with the penalty of a dismissal of the charges hanging over its head, the Government should be required to make a better showing if it can of the nexus between the seized funds and illegal activity, otherwise the Government should be required to return the seized funds forthwith.

Other courts faced with similarly sparse factual pleadings have done the same. See *United States v. $38,000*, 816 F.2d 1538 (11th Cir. 1987)(district court's denial of motion to dismiss reversed due to insufficient allegations); *United States v. $1,399,613*, 591 F. Supp. 2d 365 (S.D.N.Y. 2008)(insufficient allegations merit dismissal of complaint); *United States v. $3500*, 2008 U.S. Dist. Lexis 5177 (E.D.N.C. 2008)(on motion for judgment of default, district court *sua sponte* dismissed complaint due to insufficient allegations); *United States v. $12,840*, 510 F. Supp. 167 (D. Mass. 2007)(drug sniff insufficient to support forfeiture, currency ordered returned).

Although *Mondragon* noted that in that case the complaint alleged that a dog sniff detected CDS, that sniff came in the context of other suspicious circumstances alleged in the complaint which are not alleged here. Furthermore, there is considerable uncertainty at best and even outright skepticism in the cases about the probative value of drug dog sniffs. See *United States v. $12,840*, 510 F. Supp. 167, *supra.*; see also *United States v. $124,700*, 458 F.3d 822, 826 n. 1 (8th Cir. 2006)(holding that a drug dog sniff provides only "slight" support to a connection between currency and CDS trafficking and stating that the "significance of canine alerts is largely a scientific question"); *United States v. $10,700.00*, 258 F.3d 215, 230 (3d Cir. 2001)(expressing doubt in the courts about significance of drug dog sniffs); *United States v. Buchanan*, 213 F3d 302, 311 (6th Cir. 2000); *United States v. $5,000*, 40 F.3d 846, 849 (6th Cir. 1994); *United States v. U.S. Currency*, 39 F.3d 1039, 1043 (9th Cir. 1994).

For preservation purposes, we assert a claim pursuant to *United States v. $493,850*, 518 F.3d 1159 (9th Cir. 2008)(relying on the probable cause requirement set forth in 19 U.S.C. §1615), which provides that a civil forfeiture complaint must set forth probable cause to believe the funds are subject to forfeiture. Fourth Circuit law set forth in *Mondragon* is inconsistent with Ninth Circuit law on this issue, as the Fourth Circuit does not apply a probable cause standard to the sufficiency of the pleadings, however in view of the split in the courts of appeal we preserve our contention.

We ask the Court to grant this motion by dismissing the Complaint, or, in the alternative, by requiring the Government to provide a more definitive statement in the Complaint.

4

Respectfully submitted,

/s/

———————————————
Robert W. Biddle
NATHANS & BIDDLE, LLP
120 E. Baltimore Street, Suite 1800
Baltimore, Maryland 21202
(410) 783-0272
Maryland Federal Bar Number 10761
Counsel for Claimant Andrea Shelly Ann King Chang

Dated: December 21, 2011

## CERTIFICATE OF SERVICE

It is on this 21nd of December, 2011, I hereby certify that a copy of the motion was served by efiling upon counsel for the Government.

/s/

———————————————
Robert W. Biddle